**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**LIBERTY MUTUAL INSURANCE**                                              **PLAINTIFFS**
**COMPANY, ET AL.**

**VS.**                                              **CIVIL ACTION NO. 3:18-cv-662-CWR-JCG**

**MEDWORX HOME MEDICAL**
**SUPPLIES, LLC, AND DARON**                                              **DEFENDANTS**
**WALTERS, ET AL.**

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants Medworx Home Medical Supplies, LLC ("Medworx") and Daron Walters

("Walters"), by and through counsel, move this Court to dismiss the Second Amended

Complaint (ECF No. 51) ("Complaint") in its entirety, with prejudice, pursuant to Federal Rule

of Civil Procedure 12(b)(6). The Complaint fails to state any claims upon which relief may be

granted. Specifically, Plaintiffs have alleged no facts that would give rise to liability for Walters

in his individual capacity; they have not pleaded their fraud allegations with particularity; and the

three-year statute of limitations bars any claim that accrued prior to September 24, 2015.

**I.  Complaint Allegations**

Medworx is a licensed durable medical equipment ("DME") provider. It operates as an

LLC whose sole member is Walters. In the Complaint, Plaintiffs contend that Medworx

improperly "filed approximately 612 claims" seeking reimbursement for DME services—

intermittent pneumatic compression pumps and compression cuffs—provided to patients

undergoing treatment covered by workers' compensation insurance programs. (Complaint ¶¶ 25,

31.) The Complaint alleges that Medworx made certain misrepresentations when filing these

claims and that Plaintiffs would not have paid the claims absent these alleged misrepresentations.

(Complaint ¶¶ 31-38.) Although the Complaint includes some limited information about the claims in dispute it does not provide any information to identify which Defendant made the alleged misrepresentations.

Plaintiffs assert four causes of action in the Complaint: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) unjust enrichment; and (4) conversion. The claims are all rooted in allegations of fraud or misrepresentation. As discussed below, Medworx and Walters maintain that the Complaint fails to state any claim upon which relief can be granted and that the Complaint should, therefore, be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

Facial plausibility requires "the plaintiff [to] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the court must accept a plaintiff's factual allegations as true, that "tenet . . . is inapplicable to legal conclusions" included in a complaint. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Such threadbare, conclusory allegations "do[] not unlock the doors of discovery for a plaintiff." *Id.* at 678-79.

2

Facial plausibility also requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). A complaint does not satisfy the standard "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. As discussed more fully in the next section, Plaintiffs have failed to meet this facial plausibility standard in their Complaint, and the Complaint should be dismissed as a result.

### III. Plaintiffs' Failure to State "Facially Plausible" Claims against Defendants

**A.** *Plaintiffs have pleaded no facts that would give rise to liability for Walters in his individual capacity.*

Plaintiffs have stated no factual basis for liability for Walters in his individual capacity. Plaintiffs allege only that Walters is "the President and chief executive officer" of Medworx and that he "substantially and knowingly participated in the direction and execution of the acts" complained of in the Complaint. (Complaint ¶ 26.) These allegations do not present a facially plausible claim for relief against Walters in his individual capacity. Walters cannot be personally liable for the acts of Medworx simply because he is a member or officer of that LLC, and he is not a proper party to this matter based on his status as a member or officer of the LLC. Miss. Code Ann. § 79-29-311(1), (2). *See also Grand Legacy, LLP v. Gant*, 66 So. 3d 137, 146-47 (Miss. 2011).

To impose liability on Walters in his individual capacity, the Plaintiffs would have to pierce the limited liability veil of Medworx. Mississippi public policy strongly favors maintaining the LLC entity and avoiding attempts to pierce the limited liability veil. *Rest. of Hattiesburg, LLC v. Hotel & Rest. Supply, Inc.*, 84 So. 3d 32, 39 (Miss. Ct. App. 2012). Piercing the LLC veil is limited to "factual circumstances which are clearly extraordinary" and to instances "where to do otherwise would subvert the ends of justice." *Id.* (internal quotations

omitted). *See also Carpenter Props., Inc. v. JP Morgan Chase Bank Nat. Ass'n*, 647 Fed. App'x. 444, 452 (5th Cir. 2016); *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 431 (Miss. 2007). Three elements must be established to pierce the LLC veil and impose liability on members in their individual capacities: "(a) some frustration of contractual expectations, (b) flagrant disregard of LLC formalities by the LLC members, and (c) fraud or misfeasance by the LLC member." *Rest. of Hattiesburg, LLC*, 84 So. 3d at 39. Plaintiffs have failed to allege facts to support *any* of these required elements.

First, Plaintiffs make no allegations in the Complaint regarding frustration of contractual expectations. Plaintiffs do not claim that they had any business relationship with Walters individually or that they "had a reasonable expectation of contractual performance from [Walters,] the party behind the veil." *Carpenter Props., Inc.*, 647 Fed. App'x. At 452. The Complaint includes no allegation that Plaintiffs were ignorant of Medworx's identity, that Plaintiffs believed they were doing business with Walters individually rather than with Medworx, that the claims at issue were being submitted by or paid to Walters individually, or that Plaintiffs looked to or relied on Walters individually to provide information needed to process the claims submissions. Absent facially plausible factual allegations to support this element, Plaintiffs have failed to state a viable claim against Walters individually. *Brown v. Waldron*, 186 So. 3d 955, 960-61 (Miss. Ct. App. 2016) (rejecting claim for individual liability of LLC member where plaintiff failed to establish the first element of veil piercing test).

Second, Plaintiffs make no allegations that Walters disregarded the LLC formalities in any manner. The Complaint is wholly silent on this issue and contains no factual allegations from which any inferences could be drawn. As a result, Plaintiffs have failed to state a claim against Walters individually. *Peoples Benefit Life Ins. Co. v. Dale*, 1999 WL 33545578, at *9

4

(S.D. Miss. Dec. 29, 1999) (dismissing claims against individual corporate principals where plaintiffs did not allege principals disregarded corporate formalities).

Third, Plaintiffs make no facially plausible allegations of fraud or misfeasance by Walters in use of the LLC form. This third element of the veil piercing test requires Plaintiffs to establish "[s]ome bad action other than the underlying claim itself." *Rest. of Hattiesburg*, 84 So. 3d at 43. To establish a viable claim, Plaintiffs must show that Walters abused the LLC form itself. *Penn Nat'l*, 954 So. 2d at 432. Plaintiffs make no allegations that Walters abused the LLC form or that he committed fraud by using a shell LLC entity to shield himself from personal liability in connection with the transactions at issue. Because Plaintiffs make no such allegations, "plausible or otherwise," their claims against Walters individually must be dismissed. *See, Cirillo v. Cent. Miss. Radiology, LLC*, 2013 WL 3147678, at *2 (N.D. Miss. June 19, 2013).

The Complaint fails to include any factual allegations to support any of the elements required to pierce the LLC veil and instead seeks to hold Walters individually liable based solely on his status as a member and/or officer of the LLC. Without question, Walters cannot be individually liable on that basis under Mississippi law. As a result, Plaintiffs have failed to state a facially plausible claim against Walters individually, and all claims against him must be dismissed with prejudice.

**B.** **Plaintiffs have not stated their fraud allegations with particularity as required by Rule 9(b).**

Federal Rule of Civil Procedure 9(b) requires a complaint allegation of fraud to "state with particularity the circumstances constituting fraud." To meet this heightened standard, a plaintiff must plead the "who, what, when, where, and how" underlying the fraud allegation. *United States ex rel. Colquitt v. Abbot Labs.*, 858 F.3d 365, 371 (5th Cir. 2017) (citing *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). A plaintiff must "identify the 'time,

place, and contents of the false representations, as well as the identity of the person making the representation, and what that person obtained thereby.'" *Blouin v. Johnson & Johnson*, 2017 WL 4969345, at \*5 (S.D. Miss. Nov. 1, 2017) (*quoting Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015)). Rule 9(b)'s heightened pleading standard serves a notice purpose and ensures procedural fairness for a defendant accused of fraud: "A plaintiff's duty to provide pleadings with sufficient particularity is a cornerstone of a defendant's right to receive procedural fairness." *Harlow v. Friendship Med. Clinic, LLC*, 2016 WL 9130982, at \*4 (N.D. Miss. Apr. 28, 2016). *See also, Bd. of Trs. of Teamsters, Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 (3d Cir. 2002) ("purpose of Rule 9(b) is to provide defendants with notice of the precise misconduct alleged"). "One of the stated purposes of Rule 9(b) is to 'eliminate fraud actions in which all the facts are learned after discovery.'" *Bonham v. Home Depot U.S.A., Inc.*, 2005 WL 8170611, at \*3 n.1 (S.D. Miss. Aug. 1, 2005) (quoting *U.S. ex rel. Wilkins v. N. Am. Constr.Corp.*, 173 F. Supp. 2d 601, 614 (S.D. Tex. 2001)). To advance this purpose, the heightened pleading standard "must be laid out *before* access to the discovery process is granted." *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019).

Where a complaint includes only general allegations about the circumstances of the alleged fraud, the Rule 9(b) standard is not satisfied. For example, the court dismissed fraud claims where a complaint "generally allege[d] acts that these 'conspirators' committed, but there [was] no reference to specific dates or times (other than 'for many decades'), parties, meeting places (other than 'a series of industry trade meetings'), or content of any allegedly fraudulent communications." *Dickens v. A-1 Auto Parts & Repair, Inc.*, 2018 WL 5726206, at \*2 (S.D. Miss. Nov. 1, 2018). Likewise, the court has found the Rule 9(b) standard was not satisfied

where multiple plaintiffs made collective allegations of fraud without providing the particular

circumstances supporting the allegations relative to each plaintiff individually:

> Plaintiffs merely allege that they "reasonably relied on Defendants' misrepresentations and fraud, and paid the moneys demanded by Defendants. Plaintiffs do not allege which plaintiffs made which payments, the amount of money they paid, when the payments were made, or to whom the sums were sent. Such information is well within the control of Plaintiffs and must be pled with particularity.

*Sahlein v. Red Oak Capital, Inc.*, 2014 WL 3046477, at \*5 (N.D. Miss. July 3, 2014) (internal

citations omitted). *See also Cummings v. Wells Fargo, N.A.*, 2019 WL 180188, at \*6 (N.D. Miss.

Jan. 11, 2019) (dismissing fraud allegations where "[p]laintiff failed to include any facts or

details surrounding the timeline of the alleged misrepresentation or where the misrepresentation

occurred"); *Harlow*, 2016 WL 9130982, at \*3 (dismissing claim where underlying fraud

allegation was not stated "with the particularity Rule 9(b) requires," including "the time, place,

and contents of the false representations as well as the identity of the person made them").

Plaintiffs assert four separate claims or counts in their Complaint: fraudulent

misrepresentation, negligent misrepresentation, unjust enrichment, and conversion. All four

counts are rooted in the same core fraud allegation—the allegation that each of the claims

included representations that were "untrue and/or misleading." (Complaint ¶ 33.)

The heightened Rule 9(b) pleading standard therefore applies to *all four* counts of the

Complaint because that standard applies to "allegations of fraud, not claims of fraud." *Michael v.*

*Boutwell*, 2015 WL 728516, at \*5 (N.D. Miss. Feb. 19, 2015) (*quoting Pirelli Armstrong Tire*

*Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011)).

> The additional pleading standard [of Rule 9(b)] will apply "by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Investment Club v. Scholtzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). This means Rule 9(b)'s scope of application includes claims rooted in

fraud or misrepresentation in addition to claims of fraud. *Lone Star Fund V(US),*
*LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

*Harlow*, 2016 WL 9130982, at *3. Thus, the Fifth Circuit has applied the Rule 9(b) pleading

standard to "negligent misrepresentation claims," where such claims were based on the same set

of facts as fraud claims presented in the complaint. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*,

343 F.3d 719, 723 (5th Cir. 2003). *See also Williams v WMX Techs.*, 112 F.3d 175, 177 (5th Cir.

1997) ("We must decide if the amended complaint was detailed enough [under Rule 9(b)

standard] to survive the motion to dismiss, an attack leveled at all claims [including negligent

misrepresentation], resting as they do upon the same asserted 'fraud.'"); *Tubwell v. Specialized*

*Loan Serv. LLC*, 2017 WL 4228760, at *5–6 (N.D. Miss. Sept. 22, 2017) (applying Rule 9(b)

standard to negligent misrepresentation claims that were based on same factual allegations as

fraud claims). In addition, the heightened Rule 9(b) standard has been applied to a conspiracy

claim involving the underlying tort of fraud (*Waggoner v. Denbury Onshore, LLC*, 612 Fed.

Appx. 734, 739-40 (5th Cir. 2015)) and to a wrongful termination claim, where the plaintiff

alleged she was fired for reporting fraudulent billing practices by her employer (*Harlow*, 2016

WL 9130982, at *2-4).

Pursuant to *Benchmark* and *Williams*, Plaintiffs must plead all four counts of the

Complaint with particularity as required by Rule 9(b) to avoid dismissal under Rule 12(b)(6).

Plaintiffs have failed to meet this standard with regard to their fraud allegations against Medworx

and Walters, and all counts of the Complaint should be dismissed as a result.

Though the Complaint purportedly "separately set[s] forth each of the approximately 612

claims" in dispute (Complaint ¶ 31), it still fails to provide certain necessary information

regarding the "who, what, when, where, and how" of these claims to satisfy the heightened

pleading standard under Rule 9(b). Critically, the Complaint lacks the required particularity with

regard to the "who" of the alleged fraud by failing to specify the identity of the person making

each alleged misrepresentation and what that person obtained thereby. *Blouin*, 2017 WL

4969345 at \*5. "As to multiple fraud defendants, a plaintiff 'must provide each and every

defendant with enough information to enable them to know what misrepresentations are

attributable to them and what fraudulent conduct they are charged with.'" *Cisneros v. Instant*

*Capital Funding Grp., Inc.*, 263 F.R.D. 595, 606 (E.D. Cal. 2009) (quoting *Pegasus Holdings v.*

*Veterinary Ctrs. of Am., Inc.*, 38 F. Supp. 2d 1158, 1163 (C.D. Cal. 1998) (citation omitted)).

"Rule 9(b) requirements must be met as to each defendant. It is impermissible to make general

allegations that lump all defendants together; rather, the complaint must segregate the alleged

wrongdoing of one from another." *In re Parkcentral Glob. Litig.*, 884 F. Supp. 2d 464, 470-71

(N.D. Tex. 2012).

The Complaint defines "Medworx" at different times to refer to Medworx Home Medical

Supplies, LLC, (Complaint ¶ 31) and all defendants collectively (Complaint ¶ 29). Each

allegation in the "Factual Basis of Claims" section of the Complaint refers to "Medworx"

without specifying whether the allegations involve conduct by Medworx, Walters, the unnamed

defendants, or some combination of these. For example, the Complaint alleges, "In each of the

Subject Claims Medworx represented to Liberty Mutual that certain facts were true." (Complaint

¶ 33.) This statement is followed by a list of alleged representations made by "Medworx." (*Id.*)

However, because of the way the Complaint defines "Medworx" these allegations do not identify

the person making each misrepresentation with any greater specificity than if the allegations

referenced "the defendants." "It is well established that 'general allegations, which do not state

with particularity what representations *each defendant* made, do not meet the particularity

requirements' of Rule 9(b)." *Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 736 (N.D.

Texas 2008) (quoting *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986)). Because

the Complaint "merely lump[s] multiple defendants together" instead of identifying which

defendants made each of the purported misrepresentations, it does not meet the particularity

requirements of Rule 9(b). *Cisneros*, 263 F.R.D. at 607. These pleading failures are similar to

those present in *Dickens*, *Sahlein*, *Cummings*, and *Harlow*, cases in which claims rooted in fraud

allegations were dismissed for the plaintiff's failure to meet Rule 9(b)'s pleading standard. All

four counts of the Complaint at bar should likewise be dismissed for the failure to plead fraud

with particularity as required by Rule 9(b).

### C.     *All claims that accrued prior to September 24, 2015 are barred by the statute of limitations.*

All of Plaintiffs' causes of action are subject to the three-year statute of limitations set by

Mississippi Code Annotated § 15-1-49(1): "All actions for which no other period of limitation is

prescribed shall be commenced within three (3) years next after the cause of such action accrued,

and not after." Under Mississippi law, a "cause of action accrues when it comes into existence as

an enforceable claim, that is, when the right to sue becomes vested." *Anderson v. LaVere*, 136

So. 3d 404, 411 (Miss. 2014). Stated another way, a cause of action accrues when "all the

elements of the cause of action are present." *McDonnell v. Miller*, 655 Fed. App'x 229, 232 (5th

Cir. 2016). Accrual for the causes of action stated in the Complaint are discussed more fully

below.

#### 1. *Fraud:*

"[A] fraud claim accrues either (1) upon the completion of the sale induced by such false

representations, *or* (2) upon the consummation of the fraud." *Weathers v. Metro. Life Ins. Co.*, 14

So. 3d 688, 692-93 (Miss. 2009). In the Complaint, Plaintiffs allege that their payments to

Medworx for non-reimbursable claims were proximately caused by the alleged fraudulent

10

misrepresentations on the HCFA Forms and additional documentation included with the forms. (Complaint ¶¶ 33, 40.) Based on these allegations, each claim for alleged fraud would have accrued on the date Plaintiffs received the HCFA Form requesting reimbursement. Thus, all fraud claims based on HCFA Forms submitted prior to September 24, 2015 would be time-barred.

### 2. *Negligent misrepresentation:*

Because Plaintiffs' claims for negligent misrepresentation are rooted in fraud allegations and based on the same facts underlying the fraud claims, each negligent misrepresentation claim would also accrue on the date Plaintiffs received the HCFA Form requesting reimbursement. As a result, all negligent misrepresentation claims based on HCFA Forms submitted prior to September 24, 2015 would be barred by the statute of limitations.

### 3. *Unjust enrichment:*

An unjust enrichment claim arises "when the person charged is in possession of money or property which, in good conscience and justice, he or she should not be permitted to retain." *Willis v. Rehab Sols., PLLC*, 82 So.3d 583, 588 (Miss. 2012). In stating the unjust enrichment claim, Plaintiffs allege that "Medworx did not have a right to the monies [Plaintiffs] paid" for the disputed claims. (Complaint ¶ 48.) Based on this allegation, each claim for unjust enrichment would accrue on the date payment was received from Plaintiffs. The statute of limitations therefore bars all unjust enrichment claims based on payments received by Medworx prior to September 24, 2015.

### 4. *Conversion:*

The Complaint alleges that Medworx "has taken and refused to return monies" from Plaintiffs that "rightfully belong[ed]" to them. (Complaint ¶ 51.) This allegation indicates that

Plaintiffs' conversion claims are based on unlawful possession or a tortious act rather than retention of property after an initially lawful possession. See *Covington County Bank v. Magee*, 177 So. 3d 826, 830-31 (Miss. 2015) (citing *Johnson v. White*, 21 Miss. 584 (1850)). A "tortious act" conversion claim accrues at the time the property is taken. *Id*. Accordingly, each claim for conversion would accrue on the date Medworx received payment from Plaintiffs for the workers' compensation claim. Thus, the statute of limitations bars all conversion claims based on payments received by Medworx prior to September 24, 2015.

Moreover, the Complaint does not include factual allegations that would provide a facially plausible basis for tolling the three-year statute of limitations for any of the claims, so as to invoke the discovery rule of Mississippi Code Annotated § 15-1-49(2). The Complaint includes only a conclusory allegation that, "[a]lthough the Subject Claims were initially paid by Liberty Mutual, they were subsequently found by Liberty Mutual not to have been properly reimbursable and paid …." (Complaint ¶ 31.) Plaintiffs make no specific allegations regarding when the claims were "subsequently found" to be not reimbursable. Significantly, Plaintiffs do not allege in the Complaint that this information was undiscoverable by reasonable methods prior to the unspecified date the claims were found to not be reimbursable. Plaintiffs likewise make no Complaint allegations that they exercised reasonable diligence to discover the information. In fact, Plaintiffs suggest they did not exercise reasonable diligence in processing claims for reimbursement because they "handle[] a large volume of such claims." (Complaint ¶ 30.) As a result of these failures, Plaintiffs have failed to state any claim for relief for actions accruing prior to September 24, 2015.

"When a defendant asserts a statute of limitation defense, a court may grant a motion to dismiss under Rule 12(b)(6) if: (1) it is evident from the plaintiff's pleadings that the action is

time-barred; and (2) the pleadings fail to raise some basis for tolling." *Tanner v. Pfizer, Inc.*,

2015 WL 6133207, at *2 (S.D. Miss. Oct. 19, 2015) (citing *Taylor v. Bailey Tool Mfg. Co.*, 744

F.3d 944, 946 (5th Cir. 2014); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). Both

factors are present in this case. The Court should, therefore, dismiss all claims for fraud and

negligent misrepresentation based on HCFA Forms and other documents submitted to Plaintiffs

prior to September 24, 2015 and all claims for unjust enrichment and conversion based on

payments received by Medworx prior to September 24, 2015. *See Stephens v. Equitable Life*

*Assur. Soc'y of U.S.*, 850 So. 2d 78 (Miss. 2003); *Peoples Bank of Biloxi v. McAdams*, 171 So.

3d 505 (Miss. 2015).

## IV. Conclusion

For the reasons stated in this Memorandum, Medworx and Walters respectfully request

the Court to dismiss Plaintiff's Second Amended Complaint, with prejudice, in its entirety for

failure to state a claim pursuant to Rule 12(b)(6). Medworx and Walters request such further

relief as may be warranted under the circumstances.

RESPECTFULLY SUBMITTED, this the 27TH day of February 2020.

> **MEDWORX HOME MEDICAL SUPPLIES, LLC and DARON WALTERS**

> BY: *s/Jennifer H. Scott*
>      JENNIFER H. SCOTT

**OF COUNSEL:**
Jennifer H. Scott (MSB#101553)
Elizabeth G. Hooper (MSB#102610)
Danielle Love Burks (MSB #105336)
C. Matthew Harrell (MSB #105944)
WISE CARTER CHILD & CARAWAY, P.A.
401 E. Capitol St., Ste. 600 [39201]
P.O. Box 651
Jackson, MS 39205-0651
T: 601.968.5500

F: 601.968.5593
jhs@wisecarter.com
egh@wisecarter.com
dlb@wisecarter.com
cmh@wisecarter.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I electronically filed the foregoing with the Clerk of

Court using the ECF system which sent notification of such filing to the following counsel of

record:

Kenneth A. Rutherford, Esq.
Shea S. Scott, Esq.
Daniel Coker Horton & Bell, P.A.
P.O. Box 1396
Oxford, MS 38655-1396
krutherford@danielcoker.com
sscott@danielcoker.com
          ATTORNEYS FOR PLAINTIFFS

THIS, the 27th day of February 2020.

> *s/Jennifer H. Scott*
> JENNIFER H. SCOTT